| | |
|---|---|
| United States of America, | No. CR 06-1143-PHX-ROS |
| Plaintiff/Respondent, | CIV 11-1169-PHX-ROS (DKD) |
| vs. | **REPORT AND RECOMMENDATION** |
| Ivan Guerrero-Melchor, | |
| Defendant/Movant. | |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

TO THE HONORABLE ROSLYN O. SILVER, CHIEF U.S. DISTRICT JUDGE:

Ivan Guerrero-Melchor filed a timely Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, arguing two grounds for relief: (1) the district court violated his fifth amendment rights by punishing him for exercising his right to proceed to trial by denying him a downward adjustment for acceptance of responsibility; and (2) appellate counsel provided ineffective assistance by not raising the failure to receive a downward departure as an issue on appeal. Guerrero-Melchor was indicted for illegal reentry after deportation. He has consistently maintained that he was under the influence of alcohol and did not intentionally cross the border into the United States. Following a jury trial, the jury convicted Guerrero-Melchor as charged, and the district court imposed a 92-month sentence. Guerrero-Melchor filed a direct appeal. On July 6, 2010, the Ninth Circuit affirmed the conviction and sentence. On June 6, 2011, Guerrero-Melchor filed the Motion to Vacate, Set Aside or Correct Sentence. The Court recommends that his motion be denied.

With respect to Guerrero-Melchor's first claim, a defendant is procedurally barred from raising a claim on collateral review if he failed to raise it at trial or on direct appeal, absent the establishment of cause excusing the default, and actual prejudice resulting from the claimed error. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Guerrero-Melchor has failed to demonstrate any cause excusing the default.

Even assuming such evidence would be sufficient to overcome the procedural default, the claim has no merit. Guerrero-Melchor has the burden of establishing acceptance of responsibility sufficient to entitle him to a downward adjustment. *United States v. Howard*, 894 F.2d 1085, 1090, n.4 (9th Cir. 1990). Putting the government through trial does not automatically preclude acceptance. "Indeed, were a defendant *required* to plead guilty to be entitled to the reduction, the sentencing guidelines would penalize the exercise of the constitutional right to go to trial." *United States v. McKinney*, 15 F.3d 849, 852 (9th Cir. 1994). "Where a defendant manifests a genuine acceptance of responsibility for his actions, he is entitled to the reduction even if he does not plead guilty." *Id*.

There is nothing in the record, however, which demonstrates that Guerrero-Melchor exhibited such acceptance of responsibility. He has not admitted his guilt or expressed remorse for his conduct, and he even refused to participate in a pre-sentence interview with a probation officer (wherein he could have, as defendants often do, demonstrated an acceptance of responsibility). He asserts that he admitted his conduct to police at the time he was apprehended, but that is belied by his continued insistence that he did not have the requisite intent. The sentencing judge mentioned as reasons supporting the conclusion that he did not accept responsibility both his testimony and the testimony of the officers, how he treated the officers at the time of the arrest, that he was not truthful when he testified, and that the jury found beyond a reasonable doubt that he was not telling the truth. Guerrero-Melchor has not met his burden.

His second claim is that counsel was ineffective for failing to object to the denial of a downward departure for acceptance of responsibility. In order to establish ineffective

assistance, Guerrero-Melchor must demonstrate that trial counsel's representation was deficient, and that he was prejudiced as a result of that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 688-92 (1984). The sentencing judge properly concluded that he was not entitled to such a downward departure. Counsel could not therefore be considered ineffective for failing to raise a weak argument on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). In addition, Guerrero-Melchor has failed to demonstrate a reasonable probability that but for appellate counsel's omission, the result of his appeal would have been different.

**IT IS THEREFORE RECOMMENDED** that Ivan Guerrero-Melchor's Motion to Vacate, Set Aside or Correct Sentence be **denied** (Doc. 1).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** either because denial of the motion is justified by a plain procedural bar and jurists of reason would not find the ruling debatable, or because Guerrero-Melchor has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have seven days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right

to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 27th day of September, 2011.

David K. Duncan
United States Magistrate Judge